IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONTAE HOLLINS, individually, and on the behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-1709 |
| NLJ LOGISTICS LLC and MILTON HILL, | § § § | Complaint -- Class Action |
| Defendants. | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Dontae Hollins ("Plaintiff" or "Hollins"), by and through his undersigned counsel and on behalf of all those similarly situated, brings this action against Defendants NLJ Logistics LLC and Milton Hill (collectively referred herein as "Defendants"), and in support thereof alleges as follows:

### INTRODUCTION

1.      This is a collective action by Plaintiff and other similarly situated against their employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* Plaintiff seeks damages for unpaid wages, liquidated damages, injunctive relief, declaratory relief, and reasonable attorneys' fees and cost on behalf of himself and all those persons similarly situated.

### SUBJECT MATTER JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.     Venue is proper in this District because Defendants do significant portion of their business in this District and many of the wrongs herein alleged occurred in this District.

<b><u>PARTIES AND PERSONAL JURISDICTION</u></b>

4.     Plaintiff Dontae Hollins is an individual residing in Houston, Harris County Texas.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."

5.     The Class Members are all current and former "delivery associates," and were paid on an hourly basis at any time during the three-year period before the filing of this Complaint.

6.     Defendant NLJ Logistics LLC is a domestic limited liability company organized under the laws of Texas and at all times material to this complaint, maintained and operated a business in Harris County, Texas.  Said Defendant can be served with process by serving its registered agent, Milton Hill at 3090 Concord, Beaumont, Texas 77703.

7.     Defendant Milton Hill is a resident of Beaumont, Texas.

<b><u>COVERAGE</u></b>

8.     At all materials times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

9.     At all material times, Defendants have been enterprises within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

10.     At all material times, Defendants have been an enterprise or enterprises in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

11.     Furthermore, Defendants have an annual gross business volume of not less than $500,000.

12.     At all material times, Plaintiff and Class Members were employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**FACTS**

13.     Defendant NLJ Logistics LLC operates a company known as a Delivery Service Partner ("DSP") with Amazon engaged in business of providing "final mile" delivery services for Amazon packages locally across the country including in Harris County, Texas and is an employer as defined by 29 U.S.C. § 203(d).

14.     As a DSP, Defendant NLJ Logistics LLC hire individuals called delivery associates ("DAs") to deliver the packages.  Defendant NLJ Logistics LLC operates in Harris County, Galveston County, and the surrounding areas.

15.     After hiring the DAs, the drivers were required to follow Defendant NLJ Logistics LLC's policies and procedures.  If the DAs failed to follow Defendant NLJ Logistics LLC's policies and procedures, Defendant NLJ Logistics LLC would discipline them.  The DAs were also told where to go, which packages to deliver, and the time they were required to appear at each location by Defendant NLJ Logistics LLC.

16.     Before driving for NLJ Logistics LLC, the drivers were required to undergo training by NLJ Logistics.  The drivers did not use their personal vehicle or own the vehicle that they drove for work.  The vehicles were owned by NLJ Logistics LLC and assigned to the drivers.

17.     The drivers also did not charge a delivery fee that they would keep, but instead, were paid an hourly rate of pay.  That is, the drivers were paid a set amount for each hour that they worked for Defendants.  The drivers also "clocked in" and "clocked out" using a time keeping software program with NLJ Logistics LLC.

18.     Plaintiff was employed by Defendants as a DA from approximately November 2022 to February 2023 as an hourly employee at an average rate of pay of $19.00 per hour.

19.     During one or more weeks of their employment with Defendants, Plaintiff and all other similarly situated worked in excess of forty (40) hours.

20.     Unfortunately, when Plaintiff worked more than 40 hours per week, he was not paid any overtime wages.

21.     Like Plaintiff, the Class Members were also drivers.

22.     Like Plaintiff, the Class Members were also paid an hourly rate.

23.     Like Plaintiff, the Class Members also were not paid overtime wages when they worked more than 40 hours in a workweek.

24.     Defendants hired/fired, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

25.     Defendant Milton Hill actively ran the business of Defendant NLJ Logistics LLC on a day-to-day basis and acted directly or indirectly in the interest of Defendant NLJ Logistics LLC, in relation to the employment of Plaintiff and all others similarly situated, and were substantially in control of the terms and conditions their work.

26.    Defendant Milton Hill had the ability to hire and fire Plaintiff and all other similarly situated, and controlled their rates of pay and method of pay, schedules, and conditions of employment and were their employer as defined by 29 U.S.C. § 203(d).

27.    Although Plaintiff and Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

28.    Moreover, there were numerous unlawful deductions taken from the pay of Plaintiff and Class Members.  Defendants illegally attempted to pass on the cost of operating their business onto the Plaintiff and Class Members.  The pay of Plaintiff and Class Members were deducted for a vehicle service fees and other unlawful deductions.  These deductions were not permitted in the law as they were primarily for the benefit of Defendants.

29.    Plaintiff and other Class Members previously raised complaints about incorrect calculation of their overtime pay, non-payment for overtime hours, and/or non-payment for all compensable time for which Plaintiff provided work for the benefit of Defendants to Defendants' agents; however, Plaintiff was intimidated and coerced to continue working under these unlawful conditions and the pay miscalculation continued.  Plaintiff and other Class Members were terminated following complaints about the incorrect calculation of their overtime pay, non-payment for overtime hours, and non-payment for all compensable time for which Plaintiff and other Class Members provided work for the benefit of Defendants.

30.    The regulations interpreting the FLSA provide that an employer must pay its employees the minimum wage and overtime wages "free and clear." See 29 C.F.R. § 531.35. This regulation has been interpreted to mean that an employer cannot take a deduction or require an employee to incur business expenses that are primarily for the benefit of the employer. *See*

*Marshall v. Krist Oil Co. Inc.*, No. Civ. A. M76-74CA, 1979 WL 1906 (W.D. Mich. Apr. 23, 1979).

31.     In particular, the "free and clear" regulation states as follows:

The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any work week when the cost of such tools purchased by the employee **cuts into the minimum or <u>overtime wages</u> required to be paid him under the Act**.

*Id.* (emphasis added).

32.     The above citied regulation makes clear that business expenses incurred by a worker cannot "cut into" his overtime wages. In other words, overtime wages (and minimum wages) must be paid to employees without any requirement that an employee incur any work related expenses on behalf of the employer's business. Id.; *see generally Mayhue's Super Liquor Stores, Inc. v. Hodges*, 464 F.2d 1196, 1197 (5th Cir. 1972), *cert. denied*, 409 U.S. 1108, 93 S.Ct. 908, 34 L.Ed.2d 688 (1973); *see also* Wage & Hour Div., U.S. Dep't of Labor, Opinion Letter 2001-7, at 1 (Feb. 16, 2001).

33.     In Wage & Hour Div., U.S. Dep't of Labor, Opinion Letter 2001-7, at page 1 (Feb. 16, 2001), the Department of Labor addressed this precise issue. Id. The Department of Labor explained the issue as follows

You request a formal opinion on whether it would be proper under the FLSA for an employer to deduct the cost of uniforms from an employee's wages in a week in which that employee works more than 40 hours, if the employer pays the employee overtime compensation computed at 1 ½ times the regular rate (before deductions are taken out) and if the deduction does not reduce the regular rate below the minimum wage required by the FLSA.

*Id.* at page 1.

34.     The Department of Labor then stated that "an employer may not lawfully require an employee to pay for an expense of the employer's business if doing so reduces the employee's pay below any statutorily-required minimum wage or overtime premium pay." *Id.* at page 1. Further, "[v]iolations occur in two ways:…(2) indirectly, when the employee must incur out-of-pocket expenses to buy the item and the employer fails to reimburse the employee for the outlay." *Id.*

35.     By taking such illegal deductions, Defendants have violated the FLSA.

36.     Additionally, Plaintiff and the Class Members were not compensated for all hours worked in the day. There were significant hours for which Plaintiff and the Class Members worked but went uncompensated.

37.     While working for Defendants, Plaintiff interacted with and became familiar with the manner in which Defendants classified the Class Members and paid the Class Members. Therefore, Plaintiff has first-hand, personal knowledge of the same pay violations for the Class Members.

38.     Defendants' method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendants' misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendants knew the requirement to pay overtime to their employees, but intentionally and/or recklessly chose not to do so. Accordingly, the violations of the FLSA were willful.

39.     In fact, shortly after claims were brought against NLJ Logistics LLC, NJL Logistic LLC began a concerted effort of retaliating against any current driver who brought a claim for overtime.   NLJ Logistics, LLC employees, including Dontae Hollins, directly

threatened them and intimidated them for pursuing their claims. NLJ Logistic LLC also reduced their hours and cut their pay.

40. NLJ Logistics, LLC also began intentionally spreading false information and made multiple misrepresentations to the drivers.

41. This intentional conduct has caused economic harm to the drivers and further demonstrates that Defendants' conduct was willful.

**CAUSE OF ACTION**

**COUNT I**
**FAIR LABOR STANDARDS ACT – FAILURE TO APPROPRIATELY PAY OVERTIME WAGES**
*(Individually and Collective Action)*

42. Plaintiff incorporates the preceding paragraphs by reference.

43. Defendants NLJ Logistics and Milton Hill operates a company primarily engaged in business of providing hotel management services and is an employer as defined by 29 U.S.C. § 203(d).

44. Defendants NLJ Logistics and Milton Hill have employees subject to the provisions of 29 U.S.C. § 207 in the facility where Plaintiffs and others similarly situated were employed.

45. At all times material to this complaint, Defendants NLJ Logistics and Milton Hill, Inc. employed two or more employees, had an annual dollar volume of sales or business done of at least $500,000.00, and had employees who handle or otherwise worked on goods or materials that have been moved in or produced for commerce.

46. At all times material to this complaint, Defendants NLJ Logistics was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the

production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

47.     Plaintiff and all others similarly situated were employees of Defendant for the purposes of the Fair Labor Standards Act during all time relevant to this Complaint.

48.     Plaintiff and all others similarly situated were at all times material individually engaged in commerce as their work was directly related to the movement products and information in interstate commerce.

49.     Plaintiff and all others similarly situated did not exercise job duties while employed by Defendants that would qualify for any exemption under the FLSA.

50.     Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

51.     Throughout the employment of Plaintiff, and others similarly situated, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff and all others similarly situated at a rate not less than one and one-half times their regular rates of pay for each hour worked in excess of 40 in a workweek.

52.     Specifically, from on or about November 2022 to February 2023, Plaintiff and all others similarly situated worked an average of sixty (60) hours per week and was paid average of $19.00 per hour during their employment with Defendants, but were not paid the extra one and one-half time overtime rate for hours worked above forty (40) hours in a workweek as required by the Fair Labor Standards Act.

53.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT OR FORMER EMPLOYEES OF NLJ LOGISTICS LLC, WHO WERE EMPLOYED AS DELIVERY ASSOCIATES THROUGHOUT THE STATE OF TEXAS AND WERE NOT PROPERLY COMPENSATED FOR ALL OVERTIME HOURS WORKED.

54.     This action is properly brought as a collective action for the following reasons:

a.  This Class is so numerous that joinder of all Class Members is impracticable.

b.  Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues which may exist.

c.  The claims asserted by Plaintiff is typical of the claims of Class Members and the Class is readily ascertainable from Defendant's records.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.  Plaintiff will fairly and adequately protect the interests of Class Members.  The interest of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f.  The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.  Defendant acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

55.     For the foregoing reasons, Plaintiff seek certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because their claims are nearly identical to those of other Class Members.  Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wage and hours.

56.     In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiffs in that they have been denied overtime compensation while employed by Defendants.

57.     Defendants' policy of not paying overtime is company-wide and "Delivery Associates," throughout the State of Texas, employed by Defendants during the three years prior to the filing of this action have been deprived of overtime similarly to Plaintiff.

58.     Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

59.     Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

60.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

61.     As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

62.     The work and pay records of Plaintiff and Class Members are in the possession, custody, and/or control of Defendants, and Defendants are under a duty pursuant to Section 11(c) FLSA , 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to make, keep, and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.  Plaintiff requests an order of this Court specifically requiring Defendants to preserve such records during the pendency of this action.

63.    Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by brining this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

## COUNT II
## FAIR LABOR STANDARDS ACT – RETALIATION UNDER 29 UCS § 215(A)(3)
### *(Individually and Collective Action)*

64.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

65.    Defendants began to take various actions in retaliation against the Plaintiff and Class Members for bringing their overtime claims.   These actions were designed to retaliate against those individuals who have raised wage claims against Defendants and to try to intimidate others asserting their rights.

66.    The retaliatory acts include, but are not limited to the following:

a.   Cutting hours of work and reducing the pay of any person who brought a claim for overtime;

b.   Creating a hostile work environment for each person that brought a wage claim;

c.   Threatening and harassing several of the drivers for bringing a wage claim.

d.   Reprimanding and terminating the employment of any person who complained about not receiving proper payment for overtime hours and/or non-payment for all compensable time for which drivers worked for the benefit of Defendants to Defendants' agents.

67.    Defendants have threatened further retaliation against any other person that seeks to join this lawsuit.

68.     Plaintiff and Class Members have suffered and continue to suffer adverse employment action from Defendants that constitute direct acts of retaliation.

69.     All Plaintiffs and Class Members are protected from retaliation under the FLSA, which prohibits an employer from discharging or discriminating against any worker because the worker has filed a complaint against the employer.  *See* 29 U.S.C. § 215(a)(3).

70.     A causal link exists between raising the claim for unpaid overtime and the retaliatory actions undertaken by Defendants.  Defendants were aware that the present action and immediately thereafter engaged in the aforementioned retaliatory actions.

71.     A causal link exists between raising the claim for unpaid overtime and the retaliatory actions undertaken by Defendants.  Defendants were aware that the present action and immediately thereafter engaged in the aforementioned retaliatory actions.

72.     Defendants' retaliatory motive caused the actions taken by Defendants.

73.     Plaintiff and Class Members have suffered damages as a result. \

74.      Defendants' actions as discussed above are in direct violation of 29 U.S.C. § 215(A)(3) because the motivating factors for said activity were Plaintiff and Class Members' demands for their legally mandated wages and as a result Plaintiff and Class Members were terminated or were victims to retaliatory acts.

## DEMAND FOR JURY TRIAL

75.     Plaintiffs demand a jury trial on all issues so triable.

WHEREFORE, Plaintiff Dontae Hollins, on behalf of himself and all others similarly situated, demand Judgment, jointly and severally, against Defendants for the following:

a.  Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representatives, and appointing Plaintiffs' counsel for Class Members;

b.  Ordering prompt notice of this litigation to all potential Class Members;

c.  An order requiring Defendant to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiff and Class Members are entitled;

d.  An award of monetary damages to Plaintiff and Class Members in the form of back pay for overtime compensation and other compensation due, together with liquidated damages in an equal amount;

e.  Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

f.  Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

g.  Awarding Plaintiff and Class Members their pre-judgment, monetary interest as provided by law, should liquidated damages not be awarded;

h.  Awarding Plaintiff and Class Members liquated damages and/or statutory penalties as provided by law; and

i.  Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Chukwudi Egbuonu*\*

Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
4141 Southwest Freeway, Suite 390
Houston, Texas 77027
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

\* ATTORNEY IN CHARGE FOR PLAINTIFF